## CIRCUIT COURT OF FAIRFAX COUNTY

Health Systems Agency
of Northern Virginia

v.

State Department of Health et al.

September 27, 1984

Case No. (Chancery) 85017

By JUDGE J. M. H. WILLIS, JR.

The issue raised by the Demurrer and Motion to Dismiss herein is whether the plaintiff, Health Systems Agency of Northern Virginia, properly and timely filed its Appeal herein from a case decision of the defendant Commissioner, and if not, whether that failure is fatal to its maintenance of this suit.

The defendants point out that the case decision was rendered September 14, 1983, and that the plaintiff's notice of its appeal therefrom was filed with the agency secretary October 17, 1983, thirty-three days later. They point out that Code Section 32.1-102.6(F) and Rule 2A:2 require that notice to be filed within thirty days, and say that that requirement is prerequisite to the jurisdiction of the Court.

The plaintiff responds that the September 14, 1983, decision was not a case decision upon formal hearing pursuant to Code Section 9-6.14:16, that its appeal is not from that decision but from the Commissioner's September 30, 1983, decision denying formal hearing, and that in any event, the thirty-day requirement for noting an appeal is not jurisdictional.

An informal fact-finding hearing, pursuant to Code Section 9-6.14:11 was held on July 5, 1983. From this decision, Fairfax Hospital Association duly appealed. A formal hearing, pursuant to Code Section 9-6.14:12 was

scheduled for September 12, 1983. Without going through the procedure of a hearing, but upon review of the matter and advice of his counsel, the Commissioner reversed the earlier decision and ordered the issuance of a certificate of public need. This decision was promptly and properly announced on September 14, 1983, as required by Code Section 9-6.14:14 and Code Section 32.1-102.6(F)(3). Although a hearing procedure was not in fact conducted, the September 14th decision was a case decision within the definition of Code Section 9-6.14:4 and a final administrative decision within the contemplation of Code Section 32.1-102.7, and was made at the formal hearing level of the Administrative Process Act. The law does not provide for a succession of formal hearings. The recourse of an aggrieved party is to appeal to the Circuit Court pursuant to Code Section 9-6.14:16(ii). *Kenley* v. *Newport News General and Non-Sectarian Hospital Association*, 227 Va. 39 (1984). The October 13, 1983, letter to the Commissioner from counsel for the plaintiff plainly shows that he understood this to be the status and posture of the case, in that he notes therein his appeal to the *Fairfax County Circuit Court* of (the Commissioner's) *September 14, 1983,* decision. This notation of appeal was not filed with the agency secretary until October 17th, thirty-three days after the decision appealed from, and thus failed to satisfy the requirements of Code Section 32.1-102.7, Code Section 9-6.14:16(ii) and Rule 2A:2.

Code Section 32.1-102.7 and Code Section 9-6.14:16(ii), supplemented by Rule 2A:2, create a right of court review to a decision which is otherwise within the discretion of the Commissioner. Timeliness is expressly enjoined. The procedural requirements of those Statutes and that Rule are jurisdictional.

The Demurrer and Motion to Dismiss will be sustained, and this proceeding will be dismissed.